**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alexandra B. Gregory,<br><br>Plaintiff,<br>v.<br><br>Liberty Life Assurance Company of Boston,<br><br>Defendant. | Case No. 2:25-cv-02019-SPL<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's September 12, 2025, Order (Dkt. #10), the parties submit this Joint Case Management Report for the forthcoming Scheduling Conference on October 16, 2025 at 10:00 a.m.:

**1. <u>Attendance</u>: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions:**

Anthony J. Vessel, on behalf of Plaintiff, Alexandra B. Gregory; and Iwana Rademaekers, on behalf of Defendant, The Lincoln National Life Insurance Company.

**2. Service: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served.

**3. Nature of Case: The nature of the case, including a brief description – *three (3) pages or less* – of the principal factual disputes and legal basis of all claims and defenses:**

**Plaintiff:**

Plaintiff filed this action to recover insurance benefits wrongfully denied by Defendant under a group insurance policy ("Policy"). As the Claims Administrator for the Policy, Defendant both pays and determines payment eligibility for benefit claims. Defendant has a statutory fiduciary duty to administer claims and furnish benefits fairly under the Policy and regulations. In Plaintiff's claim, however, Defendant violated Department of Labor regulations in the administration of its duties and wrongfully denied Plaintiff's insurance benefits. Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Under ERISA, Plaintiff must exhaust "administrative remedies" before seeking judicial review of Defendant's denial; however, the administrative remedies prescribed are not tantamount to a typical administrative review under any Federal or Administrative Code.

Plaintiff submitted substantial medical and vocational information, documenting her inability to perform her own occupation due to limitations imposed by her chronic symptoms. Defendant failed to provide a full and fair review of Plaintiff's claim. Defendant rendered an adverse decision by discounting Plaintiff's evidence and paying its biased and financially conflicted reviewers to disagree with Plaintiff's providers, symptoms, and functional limitations. Plaintiff has exhausted her administrative remedies and seeks this Court's review of Defendant's prejudicial actions.

**<u>Defendant</u>:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**4. <u>Jurisdiction</u>: The jurisdictional basis for the case, citing specific statutes.**

Jurisdiction of the Court is based upon ERISA and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

**5. <u>Additions and Amendments</u>: Whether any party expects to add additional parties to the case or otherwise amend the pleadings:**

The parties do not anticipate adding parties or amending their pleadings.

**6. <u>Forthcoming Motions</u>: A listing of contemplated motions and a statement of the issues to be decided by these motions:**

The parties suggest this matter can be resolved through cross briefing on the Administrative Record, in lieu of Rule 56 or Rule 52 motions. These briefs will encompass the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties suggest that filing a Statement of Facts in this matter may not be necessary and may not assist the Court, because the Court will have the Administrative Record and the briefs will refer to the Administrative Record.

**7. Related Cases: The status of related cases pending before other courts or other judges of this District:**

The parties are not aware of any other related cases pending before other courts or other Judges of this Court.

**8. Discovery Limitations: Suggested changes, if any, in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil Procedure and a discussion of why such changes are proportional to the needs of this case:**

The parties agree to the limitations contained in Fed. R. Civ. P. 26(b), 30, and 33.

**9. Electronically Stored Information: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced:**

No issues anticipated at this time.

**10. Request for Jury Trial: Whether a jury trial has been requested and whether the request for a jury trial is contested:**

A jury trial has not been requested. This is an ERISA case and a jury trial is not available. The Parties believe the matter will be resolved by dispositive motions.

**11. Trial: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial:**

The Parties agree that if dispositive motions do not resolve all issues, a bench trial would be appropriate and that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions. The Parties estimate that a trial should take no more than 1-2 days.

**12. Expedited Trial Alternative: Certification that counsel for each party has discussed with his or her client, or each pro se litigant has considered, the expedited trial alternative:**

Counsel for each party has discussed the expedited trial alternative with their respective client.

**13. Consent to Magistrate Judge: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c):**

The Parties will not consent to the referral of this case to a Magistrate Judge. The parties are in the process of trying to resolve this matter and will privately mediate the case if necessary.

**14. Settlement and Dispute Resolution: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of alternative dispute resolution pursuant to LRCiv 83.10:**

The parties respectfully decline referral of this case to a United States Magistrate Judge for purposes of alternative dispute resolution. The parties will engage in good faith settlement discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

**15. Modified Procedures: Suggested modification of pretrial procedures due to the nature of the case:**

***ERISA Action*: If the parties jointly agree to resolve an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., through cross briefing, in lieu of filing the attached Joint Proposed Rule 16 Case Management Order, the parties shall propose a deadline for each of the following:**

a. Initial disclosures: The parties agree that initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply to this case. Fed. R. Civ. P. 26(a)(1)(B)(i). Defendants will produce the Administrative Record to Plaintiff by **October 31, 2025**.

b. Completion of disclosure of materials that either party contends should be considered as part of the record on review: **May 22, 2026**;

c. Filing of the Administrative Record: The parties shall reconcile and file a stipulated record with the Court by **June 12, 2026**. The parties will discuss the need to file the Administrative Record under seal at a later date. Plaintiff has volunteered to redact personal identifying information to avoid filing under seal.

d. Filing of Plaintiff's Opening Brief: Plaintiff will file her opening brief on or before **July 10, 2026**;

e. Filing of Defendant's Response Brief: Defendant will file its response brief on or before **August 10, 2026**;

f. Filing of Plaintiff's Reply Brief: Plaintiff will file her reply brief on or before **August 24, 2026**;

g. Completion of Good Faith Settlement Talks: The parties will engage in face-to-face good faith settlement discussions by no later than **February 6, 2026**.

**16. Additional Matters: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner:**

None at this time.

RESPECTFULLY SUBMITTED this 18th day of September 2025.

BY: */s/ Anthony Vessel*
Anthony Vessel

And

BY: */s/ Edmundo P. Robaina*
Edmundo P. Robaina

**Attorneys for Plaintiff**

BY: */s/Iwana Rademaekers*
Iwana Rademaekers

**Attorney for Defendant**